## GEORGE ROPEKE v. MARVIN H. PALMER et al.

Western Section.   December 20, 1927.

No petition for Certiorari was filed.

1. **Sales.  Fraud.  In order to constitute actionable fraud a false represen-
   tation as to property must relate to some fact which is susceptible of
   knowledge.**
   It is a well settled rule of law that in order to constitute actionable
   fraud or deceit, a false representation or statement must relate to a matter
   of fact which is susceptible of knowledge and that fraud and deceit cannot
   be predicated upon the mere expression of opinion or judgment, which is
   understood to be only such or cannot be reasonably understood to be any-
   thing else.

2. **Vendor and purchaser.  Mere "sales talk" cannot be made the basis
   of a suit for fraud.**
   Statements made by the vendor of property as to its condition, quality,
   character, capacity or adaptibility to certain uses, are generally regarded as
   mere expression of opinion and judgment and cannot be made the basis of a
   suit for fraud.

3. **Vendor and purchaser.** The vendor does not owe to the purchaser the duty to disclose to him dangerous condition of premises.

The same rule does not apply between vendor and vendee as between landlord and tenant and the vendor does not owe to the vendee the duty to disclose dangerous condition of premises.

4. **Vendor and purchaser.** Evidence held insufficient to sustain action of vendee against vendor for injuries received because of dangerous condition of premises.

In an action to recover from the vendor damages sustained to vendee by mantel falling on his foot where it was alleged that the vendor represented the house to be well built and in good condition, **held** that there was not such a warranty as to the condition of the premises as to entitle plaintiff to recover.

Appeal from Circuit Court, Shelby County; Hon. A. B. Pittman, Judge.

Affirmed.

Norville & Lyons and Wm. M. Stanton, of Memphis, for plaintiff.
Henry Livingston, of Memphis, for defendant.

HEISKELL, J. The status of the parties in this court is the same as in the trial court and we will refer to them as plaintiff and defendant.

This is an appeal in error from a judgment in favor of defendants entered upon a verdict of the jury. The appeal presents solely a question of law arising on the alleged erroneous charge to the jury.

Plaintiff entered into a written contract with the defendant for the purchase of a house and lot on Preston avenue in the City of Memphis, Shelby county, Tennessee. Said contract was executed on the 26th day of August, 1925. The contract was an ordinary real estate contract, containing no special warranties as to the condition of quality of the property. It merely binds the defendant in error to sell said property as described therein with warranty of title. On the 8th day of September, 1925, a warranty deed was executed in compliance with the contract. Plaintiff in error took possession of said property and on January 12, 1926, it is alleged that the mantel to the fireplace fell on his foot, injuring same.

Plaintiff in error based his suit on three counts. The second and third counts, which were based on negligence growing out of the contract, were dismissed during the course of the trial, which leaves only one count in the amended declaration. This count is based upon fraud and deceit. It is alleged in this count that the defendant in error made certain false and fraudulent representations as to the condition and character of the property sold.

Plaintiff testified that he had two conversations with the defendant before entering into the contract and that in one conversation the defendant stated that "this is one of the best places on Preston avenue."

and in another conversation stated that "It is one of the best built houses on Preston avenue." Plaintiff's wife also testified that she heard the defendant in error make the statement to her husband that this is one of the best built houses on this street.

Proof was offered on behalf of plaintiff tending to show that the brick mantel was insecurely and insufficiently tied with wall ties and that the mortar was deficient in cement. Plaintiff in error also offered proof tending to show that the defendant had built practically all of the other houses on Preston avenue and that they were comparatively new houses.

The defendants offered proof by themselves as witnesses denying that they made any representations whatever to the plaintiff as to the condition of the house. They offered evidence tending to show that in the construction of the house they had used good material; that said house; including the mantel, was properly constructed with good material; that they let a contract for all brick work in the building, including the mantel, to a brick mason with many years of experience, who had a good reputation as a competent and careful bricklayer. That neither of the defendants knew or suspected that said premises and especially that said mantel were in any way defective or dangerous or improperly constructed.

The record contains the following:

"In the course of the colloquy which occurred between the court and counsel for the parties in the absence of the jury the court stated that his opinion of the law was that plaintiff could not recover upon fraud unless the proof showed and the jury found that the defendant had actual knowledge of the falsity of the alleged representations at the time they were made.

"Counsel for the plaintiff stated that even though there was no direct proof of the actual knowledge of the falsity of the representations by the defendant at the time, yet it was his insistence that in law the representations would be false and fraudulently made if they were made recklessly or carelessly or without due knowledge and regard of their truth.

"The court stated that he did not consider that to be the law of this case, as the representation was not embodied in the contract, but that if the representation had been embodied in the contract he thought that would be correct; however, as it was not he would charge that the jury must find the defendant had actual knowledge of the falsity of the alleged representation before he would be liable.

"The court thereupon proceeded to charge the jury, which charge is admittedly correct in all things, except that the court charged the jury that in order for plaintiff to recover, the jury must find from the preponderance of the evidence that the de-

fendant had actual knowledge of the falsity of the alleged rep-resentations at the time they were made; that is to say, that the defendant actually knew of the alleged dangerous and defective condition.

"Counsel for plaintiff offered special instructions, which were refused, to the effect that if the defendant made said representa-tions careless or recklessly or without due regard of their actual truth, then the jury should find that such representations, if false, were in law fraudulent, and the plaintiff would be en-titled to recover. It is admitted that the special instructions were correctly worded in order to embody the said idea of the law contended for by the plaintiff and that the charge of the court as given was correctly worded and was correct except in the matter indicated."

This is all of the material evidence in this case. At the conclusion of the plaintiff's proof, defendants made a motion for directed ver-dict. This motion was renewed at the conclusion of the whole case, which motion was overruled by the court, to which the defendants excepted.

The assignments of error merely present this question of law clear-ly indicated in the above excerpts from the record. It will not be necessary therefore, to set out or refer to the assignments.

Much authority is cited for plaintiff to support the contention that there may be fraud without actual knowledge. That in some cases the law will presume knowledge where representations are made care-lessly or recklessly or where the circumstances make it the duty of the party making the representations to know the facts. For reasons stated hereafter, it is not considered necessary to discuss these cases. No doubt as applied to the facts under consideration the correctness of the authorities would be readily conceded. On the other hand, authority is cited to support these propositions.

It is a well-settled rule of law that in order to constitute actionable fraud and deceit, a false representation or statement must relate to a matter of fact which is susceptible of knowledge and that fraud and deceit cannot be predicated upon the mere expression of opinion or judgment, which is understood to be only such or cannot be reason-ably understood to be anything else.

Statements made by the vendor of property as to its condition, quality, character, capacity or adaptability to certain uses, are gen-erally regarded as mere expressions of opinion and judgment and cannot be made the basis of a suit for fraud.

The counsel for defendants cite and rely upon the case of Smith v. Tucker, 151 Tenn., 347, and insist that it is conclusive of the pres-ent case. The facts of that case are almost identical with this case, it being a suit by a purchaser of a house against the vendor for dam-

ages on account of the falling of a mantel. In that case the plaintiff entered into a contract for the purchase of a house on Forrest avenue in the City of Memphis. At the time of making the contract, the house was under construction and there was a contemporaneous agreement to the effect that the defendant would place the house in first class condition and that the defendant would complete any minor details about the house, which were not then completed, and to remedy any condition which was not satisfactory and which was called to his attention. Nothing was said about the mantel in this connection. In due time a warranty deed was executed and the plaintiff took possession; after he had occupied the premises for some two or three weeks the plaintiff's wife noticed a crack over the mantel. This fact was called to the attention of defendant's agent, it being understood that the defendant's agent would be notified of any defects or minor repairs to be made. The defendant's agent went out and examined the fireplace or mantel and after examining same, assured the plaintiff's wife that it was absolutely safe and dependable. Some few days after this examination was made, the mantel fell on the plaintiff's little boy, instantly killing him. The Supreme Court of Tennessee laid down the general rule of law that the vendor of real estate cannot be held liable to the vendee for injuries recovered from defects in the premises. Speaking through Justice Malone, Special Judge, the court said:

"There seems to be no doubt as to the negligent and improper construction of the mantel. The heavy slab was resting on brick, which were in no way fastened to the wall. In addition to this, the mortar was of very poor quality, and crumbled like dirt or sand, as a number of the witnesses testified. It should have been tied to the wall with spikes, or in some other fashion. As constructed the mere settling of the house and floors and drying out of the timbers and mortar would cause the mantel to break loose from the wall. An expert builder testifies that under these circumstances with that heavy stone on top, 'the least little thing would make it fall away.'

"The evidence, viewed in the most favorable light to plaintiff, does not show actual knowledge of these conditions on the part of defendant, Tucker, and no such claim is advanced in the brief and argument of able counsel for plaintiff in error. Tucker constructed these houses through a contractor Scott, and Scott in turn had the mantels built by a subcontractor. This subcontractor had left Memphis at the time the suit was tried.

"It is evident, from what has just been said, that the plaintiff had failed to make out a case on the theory that defendant, Tucker, sold him the house with actual knowledge of its dangerous condition. There is no evidence to support this theory, and

no recovery could have been sustained thereunder even if we should concede it to be sound in law. . . .

"Whatever may be the reason, no case can be found in the books where the vendor has been held liable in damages to the vendee, or to third persons, for personal injuries arising from defects in the premises.

"Whether this be on grounds of public policy, or because the rule of caveat emptor governs, and no warranty will be implied (Williston on Contracts, Vol. 2, section 926), or whether it be because the precedent negotiations are supplanted by the deed when the vendee receives it (27 R. C. L., 529), or whether the reason is to be found in the fact that the delivery of the deed practically terminates the relation of vendor and purchaser, whereas the relation of landlord and tenant is a continuing one, or whether such damages are not supposed to be within the reasonable contemplation of the parties—whatever be the reason, the fact remains.

"In Tennessee, under the 'Wilcox cases,' the relation of landlord and tenant may almost be said to be confidential in its nature."

In the case of Smith v. Tucker, supra, the declaration says: "That defendant was negligent in selling plaintiff a home improperly constructed, in that it contained a heavy mantel in dangerous and defective condition at the time, which fact was known to the defendant and unknown to plaintiff and his family. That defendant failed to warn plaintiff of this danger. That defendant, through his agent and representative, examined the mantel and assured plaintiff that the mantel was safe and there was no danger to plaintiff's family."

The court says there can be no doubt as to the negligent construction of the mantel, but the proof fails to show actual knowledge on the part of the vendor of the dangerous condition, therefore there could be no recovery on this ground. That left the same question presented by plaintiff's contention in the case at bar, the question of liability by reason of representations and assurances of safe condition of the mantel. The case is stronger and goes further than the present case. The proof showed an examination of the mantel itself by the agent of the vendor and his assurance that it was safe, yet the lower court gave a peremptory instruction for the defendant and this was affirmed. The court holds that the vendor does not owe to the purchaser the duty to disclose to him dangerous conditions of premises. That the same rules does not apply between vendor and vendee as between landlord and tenant. The opinion is elaborate and exhaustive. It covers this case with a margin to spare. Unless the plaintiff in the instant case can prevail upon the Supreme Court to overrule the Smith v. Tucker case, we see no hope for him to suc-

ceed. Therefore it seems unnecessary to encumber this opinion with further citation of authority. In fact that case seems to go so far as to say that even proof of actual knowledge on the part of the defendant of defects in the house would not have rendered him liable. Nor do we consider it necessary to discuss the question made by the defendant that the declaration having alleged "that said representations were made by the defendant when they knew that the same were false and without knowledge that said representations were true in fact and in reckless disregard of their truth" plaintiff cannot rely upon the allegation that the representations were made without knowledge that said representations were true, etc. That the two charges actual knowledge of the falsity of representations and want of knowledge of the truth and reckless disregard of truth cannot be joined in the same count and therefore the plaintiff was bound to show actual knowledge on the part of the defendants. Giving the plaintiff full benefit of his contention, it is decided against him in the Smith v. Tucker case.

All assignments of error are overruled and the action of the lower court is affirmed. The plaintiff will pay the costs of the appeal.

Owen and Senter, JJ., concur.